NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| J. AMBROGI FOOD DISTRIBUTION, INC., | : <br> : <br> : Civil Case No. 07-4247 (FSH) <br> Plaintiff, : <br> : **ORDER and OPINION** <br> v. : <br> : Date: March 4, 2008 <br> : <br> MANTIFF DOVER RESTAURANT GROUP, LLC, : <br> et al., : <br> : <br> Defendants. : |

**HOCHBERG, District Judge**

This matter having come before the Court upon Defendant Mantiff Dover Restaurant Group, LLC's ("Mantiff") and Defendant Charles Alario's Motion to Set Aside Default (DKT#11) and Plaintiff J. Ambrogi Food Distribution, Inc.'s ("Ambrogi") Cross-Motion for Default Judgment (DKT#15) against corporate Defendant Mantiff Dover Restaurant Group, LLC ("Mantiff") and individual Defendants Charles Alario and Bill Frazier pursuant to Federal Rule of Civil Procedure 55(b)(2); and the parties' submissions having been considered pursuant to Federal Rule of Civil Procedure 78; and

it appearing that Plaintiff filed the instant action against Defendants on September 5, 2007 seeking payment on invoices for goods delivered to Defendants between May 4, 2007 and July 26, 2007; and the Clerk of the Court having entered default against Defendant Frazier on January 18, 2008; and Plaintiff having provided Defendant Frazier with written notice of its

motion for default judgment on January 22, 2008; and Defendant Frazier having failed to respond to the instant Motion and the time for such response having elapsed; and

it appearing that Plaintiff is seeking damages against Defendant Frazier as a personal guarantor for obligations incurred by corporate Defendant Mantiff, see Compl. ¶¶ 33-36, Ex. 3 (personal guarantee); and

it appearing, therefore, that Defendant Frazier's liability as a guarantor arises solely from the liability of corporate Defendant Mantiff; and

it appearing that, upon consideration of the parties papers in Defendants' Motion to Lift Default, the Court will set aside the clerk's default against corporate Defendant Mantiff and individual Defendant Alario and permit Defendants Mantiff and Alario to file an answer out of time; and

it appearing, therefore, that Plaintiff is unable at this time to establish corporate Defendant Mantiff's primary liability, and that Plaintiff is therefore also unable to establish Defendant Frazier's derivative liability as a guarantor.

**ACCORDINGLY IT IS** on this 4th day of March, 2008

**ORDERED** that Defendant Charles Alario and Mantiff Dover Restaurant Group, LLC's Motion to Set Aside Default (DKT#11) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall lift the default against Defendants Mantiff and Alario; and it is further

**ORDERED** that Defendants Mantiff and Alario may file an answer to Plaintiff's complaint by **March 11, 2008**; and it is further

**ORDERED** that Plaintiff's Motion for Default Judgment (DKT#15) against Defendant Frazier is **DENIED** without prejudice to Plaintiff's right to renew the motion if Defendant Mantiff's primary liability is established.

/s/ Faith S. Hochberg

**Hon. Faith S. Hochberg, U.S.D.J.**